JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE DR 63,<br><br>              Plaintiff/s,<br><br>   v.<br><br>DOE 1, et al.,<br><br>             Defendant/s. | Case No.: 5:24-cv-02509-MRA-SHK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF 8] AND STAYING ACTION PENDING FINAL SETTLEMENT AND FILING OF DISMISSAL, REMOVING CASE FROM ACTIVE CASELOAD** |

    The Parties in the above-entitled case have advised the Court that they are finalizing the terms of a global settlement (Dkt. 39, Stipulation to Stay Case pending Settlement) and therefore seek an order staying all proceedings in the case. There is a pending Motion to Remand filed by Plaintiff on December 19, 2024. ECF 8. Defendants oppose the Motion. ECF 12. The sole issue presented in the Motion is whether the parties are completely diverse for purposes of establishing diversity jurisdiction. The amount in controversy is not in dispute. Complete diversity exists

when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A corporation is deemed to be a citizen of the state(s) in which it is incorporated and in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, it is undisputed that (1) Plaintiff is a citizen of California; (2) Doe 1 is a Utah corporation with its principal place of business in Utah; and (3) Doe 2 is a subsidiary of Doe 1 and therefore diverse from Plaintiff. The Court finds that Plaintiff has not established that Doe 3 is a separate legal entity, but rather another subsidiary of Doe 1. *See* ECF 1-1 ¶ 23 (The leadership of Doe 1 "oversee[s] the entire Church, including every Stake [of which Doe 3 is one] and Ward in California."); *see also Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, No. EDCV 24-2150-KK-SPx, 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024) (finding, on similar facts, that a defendant Stake was part of the defendant parent church, not an independent entity). Thus, there is complete diversity among the Parties, and the Court has diversity jurisdiction over this matter.

Having jurisdiction in this matter, the Court hereby orders all proceedings stayed and taken off calendar, thereby removing this case from the Court's active caseload. The parties shall file a Stipulation of Dismissal by their proposed date of

July 28, 2025.  **If no dismissal is filed, the Court deems the matter dismissed at that time.**

The Court retains jurisdiction for 90 days to vacate this order and reopen the case upon a written showing of good cause that the settlement has not been completed.

Any outstanding Orders to Show Cause are discharged.

**IT IS SO ORDERED.**

Dated: April 18, 2025

_____
HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE

3